BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: FTX CYPTOCURRENCY EXCHANGE
COLLAPSE LITIGATION                                MDL No. 3076

*Garrison v. Singh*, E.D. Michigan, Case No. 23-cv-011764-LJM-KGA

_____/

**REPLY BRIEF OF DEFENDANT JASPREET SINGH IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER DATED AUGUST 1, 2023 (CTO-2)**

Plaintiffs' Response in Opposition to Defendant Singh's Motion to Vacate (ECF No. 213 ("Response")) fails to address a single fact or legal issue cited in Defendant Singh's Motion to Vacate (ECF No. 208-1). Instead, the Response does nothing more than make sweeping claims devoid of any specifics and attempt to use Plaintiffs' own failure to keep their agreement with the FTX MDL Court as some kind of evidence of the "just and efficient conduct" of litigation.

Plaintiffs' first claim is that the arguments raised by Mr. Singh in the Motion to Vacate ("Motion") have already been decided by the Panel in transferring an action "against similarly-situated celebrities" in the case of *Garrison v. Bankman-Fried*, S.D. Fla., 1:22−23753 ("Celebrities Action"). (Response, p. 3, (citing ECF No. 138)). Procedurally, this is false because no complaint involving Mr. Singh was at issue in that transfer order. (*See* ECF No. 138, p. 5, Schedule A). Practically, this is false because Plaintiffs fail to provide any fact or argument as to how Defendant Singh is allegedly "similarly-situated" to any of these celebrity defendants or how the claims against him are "similarly-situated" to the claims against them (other than their simple bald assertion). (*See* Response, p. 3). They do not bother to analyze the complaints, cite any facts about any defendant, or in any way attempt to identify what the common facts

1

might actually be.  (*Id.*).  Accordingly, Plaintiffs fail to even attempt to show that the transfer of the Celebrities Action by ECF No. 138 refutes any argument in Mr. Singh's Motion.

Plaintiffs next cite to the fact that Mr. Singh is already participating in the FTX MDL because he is also a defendant, along with several others, in an action filed in the Southern District of Florida, *Garrisson v. Paffrath*, S. D. Fla. 23-cv-21023 ("Paffrath Action"), that was previously transferred to the Florida MDL (*In Re: FTX Cryptocurrency Exchange Collapse Litigation*, S.D. Florida, 1:23-md-03076-KMM ("FTX MDL") (Response, pp. 1-3).  Plaintiffs further note that, because of the Paffrath Action, Mr. Singh is likewise a defendant in one of the administrative complaints the FTX MDL Court ordered Plaintiffs to file.  (*Id* .(citing FTX MDL ECF No. 179)).  This is a truly disingenuous argument.

During the initial case management and scheduling conference for the FTX MDL, the issue of personal jurisdiction was discussed because many of the defendants were disputing personal jurisdiction in the transferred cases.  (FTX MDL ECF No. 73, Transcript of June 21, 2023 Hearing (attached hereto as Exhibit C), Tr. 7:9-24, 9:15-12:13, 14: 21-15:16, 22:8-10). Plaintiff proposed a procedure, which the court approved, in which extensive litigation over personal jurisdiction could be avoided if each defendant would either agree to waive personal jurisdiction or, if not, Plaintiffs would file a new complaint in the defendant's home district.

> MR. BOIES: With respect to personal jurisdiction, we ought to be able to solve that in 14 days because we're going to go one of two things. Either they're going to waive personal jurisdiction and be in front of this Court, or we're going to file in whatever jurisdiction they say that they are present in, and that will come to this Court as a tagalong case.
>
> So I think all they have to do is tell us within a reasonable period of time which of those approaches they're going to take. And we can then immediately -- either if they waive, there's no issue. If they say, "We want you to file in our home district to resolve any personal jurisdiction issue," as we've talked about with the

sports and entertainment defendants, in order to move this along and not burden the Court with unnecessary motion practice, we'll file those motions and those complaints, and those will be transferred here. So I think that can be done within the 14 days.

(Exh. A, Tr. 14:25-15:15).[1]  Plaintiffs stressed that this proposal would "resolve" the personal jurisdiction issues.  (*Id.*, Tr. 7:13-19, 11:10-15, 15:7-16).  This procedure was then ratified in the FTX MDL Court's Initial Scheduling Order.  (FTX MDL ECF No. 61, p. 4).

Mr. Singh chose not to waive personal jurisdiction.  (FTX MDL ECF No. 90). Subsequently, Plaintiffs filed a complaint against Mr. Singh in the Eastern District of Michigan on July 21 2023, *Garrison v. Singh*, E.D. Michigan, Case No. 23-cv-011764-LJM-KGA (the "Michigan Action").  Plaintiffs then included the Michigan Action in a Notice of Potential Tag-Along Actions[2].  (ECF Nos. 167 and 167-1).

Plaintiffs, however, have failed to keep their promise to the FTX MDL Court to "resolve" personal jurisdiction by voluntarily dismissing Mr. Singh from the Paffrath Action.  Instead, attempting to eat their cake and then have it to, Plaintiffs have forced Mr. Singh to remain in the FTX MDL case via Paffrath Action and join the other Paffrath defendants in motions to dismiss for failure to state a claim and lack of personal jurisdiction.  (FTX MDL ECF Nos. 265 and 266). Plaintiffs are now using their own failure to keep their agreement to the court against Mr. Singh to assert "transferring this action to Florida will advance the just and efficient conduct of this litigation."  (Response, p. 4).  This proves nothing of the sort but rather the opposite.

---

[1] It should be noted that "Exhibit A" to the Response is a highly truncated portion of the hearing transcript.

[2] Other defendants in the Paffrath Action (the "Nevada Defendants") likewise declined to waive personal jurisdiction (FTX MDL ECF No. 89) and Plaintiffs subsequently filed an action against them in Nevada District Court.  (*Garrison v. Stephan*, D. Nevada, 2:23-cv-01138).  Plaintiffs then included the Nevada Action in a Notice of Tag-Along Actions (ECF Nos. 166 and 166-1)/

Although Plaintiffs lumped Mr. Singh and the other remaining Paffrath Defendants (now labeled "YouTuber Defendants") together with the Celebrity Defendants in their Amended Administrative Complaint (FTX MDL ECF No. 179), the FTX MDL Court nevertheless agreed to separate Mr. Singh and other YouTuber Defendants out from the Celebrity Defendants and allow them to file separate motions to dismiss under 12(b)(6) and 12(b)(2). (FTX MDL ECF No. 236). This was based on the facts that 1) lumping so many defendants together presents significant logistical difficulties, and 2) the Amended Administrative Complaint contains substantially different factual allegations against the Celebrity Defendants as compared to Mr. Singh. (*See* FTX MDL ECF No. 219, p. 4). This directly contradicts Plaintiffs' Response.

Plaintiffs have thus completely failed to make any showing that there are sufficient common issues of fact or that keeping Mr. Singh in the FTX MDL would advance the just and efficient conduct of this litigation.

## CONCLUSION

**WHEREFORE**, Defendant Jaspreet Singh respectfully requests that this Honorable United States Judicial Panel on Multidistrict Litigation vacate the Conditional Transfer Order dated August 1, 2023 (CTO-2) with respect to Case No. E.D. Michigan, Case No. 23-cv-011764-LJM-KGA and allow that case to proceed in the Eastern District of Michigan

Dated:  September 26, 2023        Respectfully Submitted,

*/s/ Michael O. Cummings*
Michael O. Cummings
N.Y. Bar No. 2701506
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
*Attorneys for Defendant Jaspreet Singh*